**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Timothy M., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 25-cv-50167 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Frank J. Bisignano, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Timothy M., seeks review of the final decision of the Commissioner of the Social Security Administration denying his disability benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**BACKGROUND**

**A. Procedural History**

On February 20, 2019, Timothy M. ("Plaintiff") filed an application for supplemental security income, alleging disability beginning November 1, 2018. R. 21. Plaintiff's application was denied initially and by an Administrative Law Judge ("ALJ") decision dated January 13, 2021. R. 21-31. On September 30, 2022, the District Court remanded the ALJ's decision and granted the Plaintiff's motion for summary judgement. R. 1934-44. The Appeals Council subsequently issued a remand order on February 8, 2023. R. 1981. In its remand order, the Appeals Council directed the ALJ to consolidate the case with a duplicate supplemental security income claim filed by Plaintiff on June 17, 2021, and to rule on the consolidated claims consistent with the District Court's order. *Id.* On July 8, 2023, pursuant to the remand order, ALJ Kevin Vodak held a telephonic hearing where Plaintiff appeared, testified, and was represented by counsel. R. 1876. Eric D. Schmitter, M.D., an impartial medical expert, and Tobey Andre, an impartial vocational expert ("VE"), also appeared and testified. *Id.*

On September 18, 2023, the ALJ issued a written opinion denying Plaintiff's claims for disability insurance benefits. R. 1876-88. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1866-69. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [6]. Now before the Court are

Plaintiff's motion to reverse or remand the Commissioner's decision [15], the Commissioner's response brief [16], and Plaintiff's reply [17].

## B. The ALJ's Decision

In his ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1250(a)(4). At step one, the ALJ found that Plaintiff was not engaged in substantial gainful activity since the application date of February 20, 2019. R. 1878. At step two, the ALJ found that Plaintiff had the following severe impairments: right hip dysplasia; Perthes disease; degenerative disc disease in thoracic and lumbar spine; arteriovenous fistula, status-post repair and wound vacuum-assisted closure; right thoracic outlet syndrome; and cervical radiculopathy. *Id.* The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 1879.

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work but with the following limitations: can stand four hours out of an eight-hour workday; walk three hours out of an eight-hour workday; occasionally push and pull with bilateral lower extremities; occasionally push and pull with upper right extremity; never overhead reach with upper right extremity; frequently reach in other directions with right upper extremity; can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, or crawl; can never work at unprotected heights or around moving mechanical parts; and can occasionally be exposed to extreme cold. R. 1879. At step four, the ALJ found that Plaintiff cannot perform past relevant work. R. 1886. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as bonder (semiconductor), carding machine operator, and order clerk.[1] R. 1887. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time since February 20, 2019, the date the application was filed. R. 1888.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cain v. Bisignano*, No. 24-1590, 2025 WL 2202133, at *3 (7th Cir. Aug. 4, 2025) (quoting *Crowell v. Kijakazi*, 72 F.4th 810, 813 (7th Cir. 2023)). "Substantial evidence is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 587 U.S. 97, 97, 103 (2019) (citations omitted). "Whatever the meaning of 'substantial' in other contexts," the Supreme Court has emphasized, "the threshold for such evidentiary sufficiency is not high." *Crowell*, 72 F.4th at 813 (quoting *Biestek*, 587 U.S. at 103) (citation modified). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *id*. at 814 (citing *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)),

---

[1] During the hearing, the VE testified that given Plaintiff's limitations with overhead reaching, he would not be able to perform jobs at the light exertional level but could do so at the sedentary exertional level. R. 1929.

and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013). As the Seventh Circuit has made clear, ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). "All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id.* at 1054 (citation modified).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025) (citation modified). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). The court's "review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Id.* Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (citation modified); *see also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## DISCUSSION

Plaintiff challenges the ALJ's decision on two grounds. First, Plaintiff contends that the ALJ "played doctor" in finding that Plaintiff had the residual functional capacity to frequently reach in directions other than overhead with his right upper extremity. Second, Plaintiff argues that the ALJ failed to adequately consider whether Plaintiff's condition equaled Listing 1.18. The Court concludes that the ALJ did not impermissibly "play doctor" and that his determinations were supported by substantial evidence. Therefore, the decision is affirmed.

### The ALJ did not "play doctor" in formulating the RFC

A claimant's RFC is the maximum work he can perform despite any limitations. 20 C.F.R. § 416.945(a)(1); SSR 96-8p, 1996 WL 374184, at *2. When determining a claimant's RFC, an ALJ must "evaluate the intensity and persistence of [a claimant's] symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." SSR 16-3p. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 416.945(a)(3); SSR 96-8p, 1996 WL 374184, at *5. "Although the responsibility for the RFC assessment belongs to the ALJ, not a physician, an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005)). Here, the ALJ has said enough to ensure that he considered the totality of Plaintiff's limitations and included all limitations supported by the record in formulating the RFC.

3

In this case, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of [his] symptoms [were] not entirely consistent with the medical evidence in the record" and concluded that Plaintiff could perform light work[2] with certain postural and environmental limitations. R. 1880. The ALJ found the opinion of impartial medical expert, Dr. Eric Schmitter, persuasive except to the extent that he opined that Plaintiff could only occasionally reach laterally with the right upper extremity because "the record consistently demonstrate[ed] at least 4/5 strength in this extremity." R. 1886. The ALJ also considered the opinions of state agency consultants, Dr. Marion Panepinto and Dr. Victoria Dow, but found them partially persuasive because the expanded evidentiary record warranted additional limitations. *Id.* Finally, the ALJ found the opinions of state agency consultants, Dr. Tom Dees and Dr. Jennifer Western, partially persuasive but found that Dr. Schmitter's testimony was "more persuasive, as consistent with the record." *Id.*

Plaintiff objects to the ALJ's RFC finding on the basis that the restrictions related to his right upper extremity were not supported by substantial evidence or any medical source. Specifically, Plaintiff argues that the ALJ played doctor by departing from the opinions of Dr. Schmitter and Dr. Dees in finding that Plaintiff could frequently reach laterally with his right upper extremity. At the outset, the Court cannot find that the ALJ's determination that Plaintiff can frequently reach laterally is inconsistent with Dr. Dees' opinion, who found that Plaintiff is limited to only occasionally engaging in right *overhead* reaching. R. 2019. Dr. Dees' did find any limitation on lateral reaching. Accordingly, the Court does not find that the ALJ erred as to Dr. Dees' opinion.

As to Dr. Schmitter, the Court finds that the ALJ sufficiently explained and supported his reasoning for declining to adopt the limitation of occasional lateral reaching with the right upper extremity. *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) ("As we have stated previously, an ALJ must consider the entire record, but the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians."); *Jack A. v. Kijakazi,* 2021 WL 5882145, at *3 (N.D. Ill. Dec. 13, 2021) ("[N]othing requires the ALJ to adopt each and every limitation opined by a physician, even when she finds the opinion persuasive."). During the telephonic hearing on July 7, 2023, Dr. Schmitter opined that Plaintiff had functional limitations in his ability to reach overhead and laterally with his right upper extremity due to Plaintiff's clavicle condition. R. 1914, 1917-18. While Dr. Schmitter testified that Plaintiff could "probably [reach] on the occasional basis," the doctor was equivocal and noted that the record was unclear. R. 1917. Indeed, when it came to Plaintiff's impairments related to his clavicle injury, the doctor repeatedly cautioned that the record was ambiguous. R. 1914, 1918.

In departing from Dr. Schmitter's opinion and finding that Plaintiff could frequently reach laterally with the right upper extremity, the ALJ sufficiently explained how the record did not support a more restrictive limit. For example, the ALJ noted objective findings that consistently demonstrated nearly full strength and range of motion in Plaintiff's right extremity, including examinations on March 6, 2019, and June 23, 2021, that noted 4/5 strength in the right arm. R.

---

[2] According to the Social Security regulations, a job is classified as "light work" if it "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967. A person capable of light work can perform a job which requires "a good deal of walking or standing," or "sitting most of the time with some pushing and pulling of arm or leg controls." *Id*.

1880 (citing R. 364-66, 3870). The ALJ also pointed to a July 27, 2022, orthopedic examination showing full strength for both of Plaintiff's upper extremities and a September 19, 2022, physical therapy session where Plaintiff could raise his right shoulder 180 degrees, had 3/5 right upper extremity strength, and 3/5 in cervical planes. R. 1880 (citing 4088-91, 4220-22), 1883. The ALJ also considered the opinions of state agency consultants, Dr. Dees and Dr. Western, who both opined that Plaintiff's ability to reach laterally was unlimited. R. 1886, 2019, 2028. While the ALJ generally favored Dr. Schmitter's opinion, the ALJ found the state agency consultants partially persuasive to the extent the opinions were consistent with the record. R. 1886. Elsewhere in his decision, the ALJ noted that following the injury to his clavicle, Plaintiff performed heavy loading and unloading work and later did heavy construction work in 2018. R. 1880. The ALJ also noted Plaintiff's ability to exercise five times a week and lack of treatment for the numbness caused by his clavicle condition. R. 1884-85. In summary, the ALJ's RFC determination was based on an assessment of the voluminous medical record and supported by substantial evidence. Aside from Dr. Schmitter's testimony, Plaintiff fails to point to any other medical evidence that supports the finding of occasional lateral reaching with his right upper extremity. Therefore, the Court finds that the ALJ did not play doctor by assessing the evidence and departing from Dr. Schmitter's opinion. *Heather M. v. Berryhill*, 384 F. Supp. 3d 928, 935 (N.D. Ill. 2019) ("Assessing medical evidence was not 'playing doctor'—a stock error of which plaintiff accuses the ALJ.") (citation modified). The ALJ's RFC finding, including his reasons for departing from portions of the medical opinions were supported by substantial evidence.

### Listing Analysis

Next, Plaintiff argues that the ALJ failed to evaluate whether Plaintiff's condition equaled Listing 1.18. A claimant is eligible for benefits if he has an impairment that meets or equals an impairment found in the listing of impairments. 20 C.F.R. § 404.1520(d). The listings specify the criteria for impairments that are considered presumptively disabling. 20 C.F.R. § 404.1525(a). A claimant may also demonstrate presumptive disability by showing that the impairment is accompanied by symptoms that are equal in severity to those described in a specific listing. 20 C.F.R. § 404.1526(a). Therefore, at step three of the sequential evaluation process, an ALJ must determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Listing 1.18 establishes the characteristics of abnormality of a major joint(s) in any extremity and requires the claimant to establish, in part, at least one of the following:

1. A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and seated mobility device involving the use of both hands (see 1.00C6e(i)); or

2. An inability to use *one* upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), *and* a documented medical need (see 1.00C6a) for a one-handed, hand-held assistive device (see 1.00C6d) that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand

5

(see 1.00C6e(ii)); or

> 3. An inability to use *both* upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4).

20 C.F.R. § 404, Subpart P, Appendix 1 §1.18D.

Here, the ALJ determined that Plaintiff's joint related impairments did not meet Listing 1.18 because Plaintiff did not use an assistive walking device and the evidence did not support an inability to use both upper extremities. R. 1879. Plaintiff does not challenge the ALJ's finding that he did not meet Listing 1.18. Instead, Plaintiff argues that the ALJ failed to consider whether his impairment or combination of impairments medically *equaled* the listing. Plaintiff also contends that the ALJ erred by only asking Dr. Schmitter whether Plaintiff's impairments met Listing 1.18 but not exploring further whether the impairments equaled the listing. The Court finds that the ALJ did not err in his listing analysis.

In determining whether a claimant's condition meets or equals a listed impairment, an ALJ must "discuss the listing by name and offer more than a perfunctory analysis of the listing." *Kaster v. Astrue,* 697 F.3d 642, 647 (7th. Cir. 2012) (citation omitted). Social Security Ruling 17-2p provides that if an ALJ "believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, then [he] is not required to articulate specific evidence supporting [the] finding that the individual's impairment(s) does not medically equal a listed impairment." SSR 17-2p, 2017 WL 3928306, at *4. As a general rule, "a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding." *Id.* Finally, an ALJ's reasoning why a claimant "is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a . . . court to determine the basis for the finding about medical equivalence at step 3." *Id.*

Here, the ALJ's determination at step three that Plaintiff's impairments did not meet or equal Listing 1.18 was limited to one paragraph. However, the ALJ noted that Plaintiff did not use an assistive walking device and that the evidence did not support an inability to use both upper extremities. R. 1879. Further, the ALJ's discussion of Plaintiff's impairments and the RFC directly after step three demonstrates to the Court the basis for the ALJ's finding on equivalence. *See e.g.,* R. 1880 (noting Plaintiff had full strength in extremities and did not need an assistive device), 1882 (noting appointment where Plaintiff reported hip pain and that he exercised five times a week), 1883 (discussing medical evidence where Plaintiff's hip and arm symptoms varied in intensity), 1884 (discussing Plaintiff's hip pain and difficulties walking and sitting). While Plaintiff claims that the "record contains multiple significant findings—including deficits with pain, progressively worsening hip dysfunction, and significant functional limitations," he does not cite any evidence that supports a different equivalence finding. [15], p. 9. Without more, the Court cannot determine what evidence Plaintiff believes the ALJ missed. The ALJ's opinion, when viewed as a whole, sufficiently met his minimal duty to articulate and was more than a perfunctory analysis of the listing. *Kaster,* 697 F.3d at 647; *see Curvin v. Colvin,* 778 F.3d 645, 650 (7th. Cir. 2015) (holding that an ALJ's brief step three analysis satisfies the duty to articulate medical equivalence when the

ALJ's reasoning and evaluation of the medical evidence can be meaningfully reviewed from the decision as a whole). Accordingly, in light of the ALJ's minimal articulation requirement and his discussion of the medical evidence after step three, the Court finds that the ALJ did not err in his listing analysis.

## CONCLUSION

For the foregoing reasons, the Court affirms the Commissioner's decision.

Date: March 11, 2026 ENTER:

_Margaret J. Schneider_
United States Magistrate Judge